I agree with that portion of the opinion which affirms the judgment granting the motion to dismiss as to the City of Birmingham. I disagree with the majority's decision to reverse the trial court's judgment granting the motion to dismiss filed by the defendant Franklin Tate because I view the matter as a summary judgment in favor of Tate, and find no genuine issue of a material fact. Therefore, I dissent as to this aspect of the appeal.
Sahid Bahakel, the plaintiff, filed a one-count complaint, stating his claim for damages as follows:
 "On or about the 14th day of September, 1981 the Defendant's [sic] illegally, maliciously, negligently and/or wantonly and without legal justification therefor caused, procured and/or issued a warrant for the arrest of Plaintiff for the violation of 11-6-38 (A) of the criminal ordinances of the code of the City of Birmingham causing him to be arrested and falsely and illegally taken into custody by the City of Birmingham. Said Plaintiff was caused to have to make a bond pending a criminal trial to keep from being placed within jail.
 "Plaintiff was caused to hire an attorney to represent him in the criminal trial of violation of the above ordinance and was caused to be made to appear at said trial under threat of imprisonment. All of the charges against plaintiff were false and plaintiff was found to be innocent or not guilty by the court trying the case."
In response to the complaint, Tate filed what is designated as a "motion to dismiss," in which he alleged that the complaint failed to state a claim upon which relief can be granted, and in addition defendant alleged that he "is a magistrate of the municipal court of the city of Birmingham and as such has judicial immunity." His motion contained this further statement: "Affidavit of Franklin Tate is attached hereto and *Page 147 
made a part of this motion." Tate's affidavit, which is not controverted by plaintiff, stated that he was a magistrate of the municipal court of Birmingham, and that in his judicial capacity as a magistrate of that court, he issued a warrant for the arrest of Sahid Bahakel, based upon the affidavit of Marva Gibbs. Copies of Mrs. Gibbs's affidavit and the warrant were attached to Tate's affidavit. Her affidavit alleged that she had probable cause for believing, and did believe, that Sahid Bahakel unlawfully presented a firearm in violation of § 11-6-38 (A) of the 1980 General Code of the City of Birmingham. The affidavit of Gibbs was dated September 14, 1981, and was sworn before Franklin Tate, as magistrate. The warrant was served September 16, 1981. Tate's motion to dismiss was argued and submitted on January 6, 1982, and was granted by the presiding judge of the circuit court of Jefferson County. Tate was dismissed as a party defendant on January 8, 1982. On February 19, 1982, plaintiff, Sahid Bahakel, by and through his attorney, Alfred Bahakel, filed a motion to set aside the dismissal on the grounds that the motion to dismiss failed to address the claims for negligence or wantonness, which are specifically allowed under the provisions of Code 1975, §11-47-190. On March 2, 1982, the motion to set aside the dismissal was overruled. Plaintiff timely filed notice of appeal.
Rule 12 (b), A.R.Civ.P., provides in pertinent part:
 "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."
Although the trial court's order recited that Tate's motion, designated as a motion to dismiss, was granted, Rule 12 (b) clearly provides that when matters outside the pleadings are not excluded by the court, the motion shall be treated as a motion for summary judgment. It is my view, and thus the reason for my disagreement with the majority, that the legal effect of the trial court's action was the grant of a summary judgment. The response of the defendant Franklin Tate included his own affidavit, as well as the affidavit of Marva Gibbs, neither of which was controverted or disputed by plaintiff. My review of this record reveals the following undisputed facts: Marva Gibbs mistakenly believed that the plaintiff was the person who presented a firearm to her in violation of the Birmingham Code; she went to the city magistrate, Tate, and she executed an affidavit which charged plaintiff with an act which appeared to be a violation of the applicable Code section; and defendant magistrate Tate issued a warrant for the arrest of plaintiff, who was arrested, but later exonerated of the criminal charges. Although there are additional facts alluded to in the brief of appellant, the record, including the pleadings referred to above, shows only the matters summarized above.
While it is indeed unfortunate that Mrs. Gibbs charged the wrong person with the offense, I cannot find any issue as to a material fact which would impose liability upon a city magistrate who issued a warrant based upon the affidavit of Mrs. Gibbs. The incident leading to the arrest of plaintiff occurred in the City of Birmingham, Franklin Tate was a judicial officer in his capacity as a city magistrate, and clearly had the right, as well as the duty, to issue a warrant of arrest under the sworn allegations of the affidavit of Marva Gibbs.
I have been unable to find any cases applying the doctrine of judicial immunity to magistrates. However, in Broom v.Douglass, 175 Ala. 268, 57 So. 860 (1912), this Court considered the liability of a justice of the peace for issuing a warrant on the affidavit of a third party which did not charge a criminal offense. The court in Broom stated:
 "[W]e are of the opinion that the affidavit made before the defendant as a justice of the peace, though wholly insufficient to charge any criminal offense, or to justify the issuance of the warrant of arrest, nevertheless was clearly an attempt *Page 148 
to charge a threatened criminal trespass on affiant's land. And, stating facts which were elements of that offense, and of legal significance and value in its proof, a colorable case was presented which fairly invoked the justice's judgment as to their sufficiency for the purpose intended. The issuance of the warrant was therefore a judicial act, involving his inquiry and affirmative conclusion as to his power and authority to do so, for which he cannot be held liable, if he acted in good faith."
175 Ala. at 283, 57 So. at 865.
The theory and reason behind the doctrine of judicial immunity has been explained as follows:
 "Whenever the state confers judicial powers upon an individual, it confers therewith full immunity from private suits. In effect the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in a faithful discharge of them, he shall be called to account as a criminal; but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages."
Coleman v. Roberts, 113 Ala. 323, 329, 21 So. 449, 450 (1896), quoting Cooley on Torts, 408.
It is my opinion that the justification for the doctrine of judicial immunity applies as well to magistrates acting in a judicial capacity. Evidence in the record reflects that Tate was acting in a judicial capacity as magistrate when he issued the warrant based on the affidavit of Mrs. Gibbs. For this reason, I would affirm the trial court's holding.
ALMON and BEATTY, JJ., concur.